## JAMISON v. THE STATE.

1. OBTAINING MONEY UNDER FALSE PRETENSE: *Proof of offense.*
   Proof that the defendant, by false pretenses, obtained the satisfaction of his debt to another, though sufficient to sustain an action by the defrauded party against him for money lent, is not sufficient to sustain an indictment for obtaining money under false pretenses. The money must have been actually, and not merely impliedly or constructively obtained, and must have come into the defendant's possession.

2. SAME: *Indictment for; description of money.*
   An indictment for obtaining money under false pretenses must describe the money, with the same particularity and certainty as an indictment for larceny.

APPEAL from *Conway* Circuit Court.
Hon. W. D. JACOWAY, Circuit Judge.

### STATEMENT.

Jamison was indicted in the Conway Circuit Court, at the October term, 1881, for obtaining money under false pretense. The indictment charged, in substance, that he applied to J. A. Mattingley to borrow sixty-five dollars, and to secure it, proposed to execute to him a mortgage on a certain mule and eight head of cattle, which he represented to Mattingley belonged to him, and were free from any lien,

by mortgage or otherwise ; that, relying upon said represen-tation, Mattingley loaned him the money and took the mort-gage, but that said representation was false ; said mule and cattle had been by the defendant previously mortgaged to one W. E. Dickson, for a valuable consideration, which mortgage was then wholly unsatisfied.

The indictment contained no description of the money.

Upon the trial the proof was that Jamison was indebted to one Thompson, and wanted the money from Mattingley to pay it. Thompson was indebted to Mattingley in about the same amount, and had the money in his pocket to pay it ; but, by arrangement between the three, Mattingley sat-isfied Jamison's debt to Thompson by giving Thompson credit for the amount, and took the mortgage from Jamison to secure payment of the amount he had thus satisfied for him to Thompson. No money passed between them at all. At the same time there was a subsisting unsatisfied mort-gage on the same stock which Jamison had a year before executed to one Dickson, to secure payment of a debt to him, and of which Mattingley was ignorant.

Among other instructions, the defendant asked the fol-lowing, which the court refused:

"2. The State must prove that the defendant obtained money by false pretenses from Mattingley, or he cannot be convicted. If it is proven that he obtained property or credit only, and did not obtain money, he cannot be con-victed."

The jury returned a verdict of guilty, and fixed the defendant's punishment at imprisonment in the penitentiary for one year. He filed a motion for a new trial, and also in arrest of judgment, which were overruled, and he filed this bill of exceptions and appealed.

*Ridout, Coblentz and Shapard*, for appellant:

There was a total failure of evidence to prove the receipt of any money by appellant. The evidence showed that appellant did not obtain money, but only got a credit on his note. *Bishop Cr. L.*, sec. 480; *State* v. *Moore*, 15 *Iowa*, 412.

*C. B. Moore, Attorney-General*, for the State:

The money, though not actually, tangibly paid into appellant's hands, was, in effect, actually received—"*obtained*" by appellant by concealment and "false pretense."

Argued upon the evidence and instructions.

HARRISON, J. There was no evidence that the defendant obtained any money from Mattingley. Proof that by the false pretense alleged, he procured the satisfaction of his indebtedness to Thompson by him, though sufficient to sustain an action by Mattingley against him for money lent, was irrelevant to the charge in the indictment. The money must have been actually, and not merely impliedly or constructively obtained, and must have come into the defendant's possession.

Mr. Bishop says: "It is held that if the thing obtained is not money, or other article within the express words of the Statute, but merely a credit on account, which may bring money, the substantive offense is not committed." 2 *Bishop Crim. Law*, sec. 480.

The second instruction asked by the defendant, and refused by the court, was, therefore, correct; and the verdict was clearly against the evidence.

There was no description of the money in the indictment. It should have been described with as much particularity

and certainty as in an indictment for larceny. The indictment was, therefore, bad. *Treadway* v. *The State, ante. Barton* v. *The State,* 29 *Ark.,* 68 ; *Smith* v. *The State,* 33 *Ind.,* 159 ; 2 *Bish. Crim. Proceed.,* secs. 173, 703.

The judgment is reversed, and the cause remanded, with instructions to arrest the judgment.