## STATE V. ASHER.

1, CRIMINAL LAW: *False pretenses.*
  It is not an offense within the meaning of Mansf. Dig., sec. 1645, for one person to obtain from another money or personal property with intent to defraud, unless it is obtained by means of a false pretense; and if a pretense is employed which is not false though the person employing it believes it to be so, there is no criminal offence.

·2, SAME: *Same: Indictment.*
  An indictment against A. as principal and F. as accessory under Mansf. Dig., sec, 1645, in effect charged : That A. applied to M. to purchase six mules; that he represented himself as being the owner of a lot in the city of Helena, and that it was free from incumbrance ; that he could give a first lien on it, and produced a deed to it from F., reciting the full payment of the purchase money ; that he offered to secure the payment of the purchase money of the mules by creating a first lien on the lot; that Moore sold him the mules on a credit, and took a deed of trust on the lot to secure the purchase money, which deed was executed on the 17th and filed for record on the 18th day of April, 1885; that the sale was made on the faith of the security afforded by a first lien on the lot; that at the time A. made these representations as to his lot, he had already executed to F. a deed of trust upon it to secure the purchase money thereof, which was more than its value ; that F's deed was filed for record on the 17th day of April,1885 ; that the lot was not free from incumbrance, and that A, falsely

State v. Asher.

represented that he could give a first lien on it to deprive M. of his property ; that F.
counseled A. to make such representation, and aided him in obtaining the mules from
M. on the faith of it, *Held :* That as F. by his conduct waived the priority of his
lien, A.'s representation that M,'s mortgage was the prior lien was true ,and the
indictment therefore charged no criminal offense.

APPEAL from *Phillips* Circuit Court.
M. T. SANDERS, Judge.

*J. P. Clark* and *D. W. Jones*, Attorney-General for appellant.

The proposition that Moore can enforce his lien as against Fitzpatrick's mortgage, in a court of equity, is without force. 37 *Ark.*, 412; *Turner v. Blount*, 49 *Ark.*, 361. The false representation was that the property was free from incumbrance of any kind,and Fitzpatrick's mortgage was an incumbrance whether recorded or not. 25 *Ark.*, 152; 32 *Id.*, 166; 35 *Id.*, 365. See also 5 *Parker's Cr. Rep.*, 142; 72 *Me.*, 238; 44 *Mich.*, 290; 78 *N. C.*, 460; 30 *Ind.*, 350.

*P. O. Thweatt, J. J. Hornor, Compton & Compton* and *J. C. Tappan*, for appellees.

If Moore in fact obtained a first lien, then there was no false pretense.

1. A mortgage is no lien until recorded. 22 *Ark.*, 165; *Mansf. Dig.*, sec. 4743.

2. Moore did receive a first lien on the lot, for by the allegations of the indictment, Fitzpatrick by his acts waived his lien, and is estopped to deny the priority of Moore's lien. 42 *Ark.*, 131.

STATEMENT.

At the May term, 1887, of the Phillips circuit court,

appellees were indicted for a violation of section 1645 of
Mansfield's Digest—i. e., obtaining money under false
pretenses; Asher as principal and Fitzpatrick as acces-
sory.   It is charged in the indictment that on the 17th
April, 1885, Asher applied to one J. P. Moore to
purchase six mules; that he represented himself as being
the absolute owner of the east half of lot 251, in the city
of Helena; that it was free from incumbrance; that he
could give a first lien on same; that he produced a
deed of conveyance from L. A. Fitzpatrick, reciting
the full payment of the purchase money, and
offered to secure the payment of the purchase
money of the mules by creating a first lien
on said lot; that Moore sold him the mules on
a credit to expire Nov. 1st, 1885, and took a
deed of trust on the lot to secure the purchase money of
the mules; that the deed of trust was executed by
Asher on the 17th, and was filed for record on the 18th,
day of April, 1885; that the sale of the mules was made
on the faith of the security afforded by a first lien on
the east half of said lot.

It is further charged that at the time Asher made
these representations, he had already executed
to said Fitzpatrick, a deed of trust upon said
east half of said lot, to secure the purchase money
of same, which was more than the value of the
lot; that said lot was not free from incumbrance;
and that Asher falsely made the representation that he
could give a first lien on said half lot to deprive
Moore of his property; that Fitzpatrick's deed of trust
was filed for record on the 17th day of April, 1885. Fitz-
patrick is indicted jointly with him as accessory.

At the November Term, 1887, of the court, the defend-

State v. Asher.

ant demurred to the indictment; the demurrer was sustained, and the state appeals.

COCKRILL, C. J., (after stating the facts as above set forth.)

**1. CRIMINAL LAW: False pretenses.** To constitute an offence within the meaning of section 1645 Mansfield's Digest, something of value must be obtained by means of a false pretence with the intent to defraud. To obtain goods with the intent to defraud is not enough. It must be accomplished by a false pretence. "By the terms of the statute the pretence must be false. And the doctrine undoubtedly is, that if it is not false, though believed to be so by the person employing

**2. SAME: Same: Indictment.** it, it is insufficient." 2 *Bish. Cr. Law*, sec. 417. The false pretense charged in this case is Asher's representation that the mortgage, upon the security of which he got the mules from Moore, was the first lien on the land. If the representation is true, there is no foundation for this prosecution, however reprehensible Asher's motive may have been, because the false pretense would not be established. Now, construing all the allegations of the indictment together, is it shown that the representation was false? It is charged that Asher had previously executed a mortgage to his co-defendant, Fitzpatrick, for the full value of the land and that it was the prior lien; but it is also charged that Fitzpatrick counseled Asher to make the representation that the land was free from incumbrance and aided him in obtaining the mules from Moore on the faith of it. The demurrer admits that these allegations are true. Being true, the legal conclusion is that Fitzpatrick waived the priority of his lien and is estopped from asserting it against Moore. *Scott v. Orbison*, 21 *Ark.*, 202; *Gill v. Hardin*, 48 *Ark.*, 412; *Shields v. Smith*, 37 *Id.*, 47.

Asher's representation that Moore's mortgage was the prior lien was therefore true. Moore got just what he bargained for, according to the allegations of the indictment, and he has not, therefore, been injured in any way. The statutory offence has not been committed. *Morgan v. State,* 42 *Ark.,* 131. It is not, as counsel for the state argues, an attempt to have an offense condoned by repairing the injury done in its commission. There has been no criminal offense.

Moore might have been injured by the transaction if Fitzpatrick's mortgage-note had been negotiated according to the law merchant and assigned to an innocent holder for value before maturity. But there is no allegation of the existence of either of these facts, and there is no presumption that that state of facts exists. *People v. Stone,* 11 *Wheaton,* 182–190.

Affirm.