SHELTON *v.* STATE.

Opinion delivered October 24, 1910.

1.  FALSE PRETENSE—FRAUDULENT CONVEYANCE DISTINGUISHED.—The offense of procuring personal property by false pretense, as defined by Kirby's Digest, § 1689, is distinguished from the offense of defrauding creditors or purchasers, as defined by section 1693, is that the former offense is obtaining money or property by false representations of an existing or past fact, whether relating to land or anything else, by one who knows the representation to be false, while the latter offense may exist under a conveyance to defraud, whether there be false representations or not. (Page 241.)

2.  SAME—INDICTMENT—SURPLUSAGE.—Where an indictment for false pretense alleged that defendant procured a check of value mentioned *and also the satisfaction of an account due by the defendant,* the latter allegation is mere surplusage. (Page 242.)

Appeal from Lafayette Circuit Court; *Jacob M. Carter,* Judge; affirmed.

STATEMENT BY THE COURT.

The appellant was convicted of the crime of false pretenses. The indictment charged that appellant in Lafayette County, Arkansas, on the 10th day of April, 1909, did unlawfully, feloniously, designedly and with intent then and there to cheat and defraud S. D. McGill & Company, a firm composed of S. D. McGill and Ed Alexander, falsely represent and pretend to said S. D. McGill and said S. D. McGill & Company that he was the owner of three acres of land situated in Fordyce, Arkansas; that said land was not incumbered; that he did not owe 'one cent' on the land; and that there was not a scratch of the pen against said land; whereas in truth and in fact said three acres of land in Fordyce was incumbered; whereas he did owe one J. C. Bleier the sum of $400 for the purchase money of said land, and said amount was a lien against said land, all of which the said defendant then and there well knew; that said defendant then and there well knew each of said pretenses were false; by means and color of which said false pretenses he, the said R. P. Shelton, induced the said S. D. McGill & Company to purchase said land for the sum of $300; and by means of same did then and there sell said land to said S. D. McGill & Company for said sum of $300, the deed being made to Ed Alexander,

a member of said firm as aforesaid; and by means and color of which said false pretense he, the said R. P. Shelton, then and there unlawfully, feloniously and designedly, with intent then and there to cheat and defraud said S. D. McGill & Company, obtained from said S. D. McGill & Company a bank check on First National Bank of Lewisville, Arkansas, for the sum of $123.50, payable to said R. P. Shelton, of the value of $123.50, the property of said S. D. McGill & Company, and the satisfaction of an account due the said S. D. McGill & Company for the balance of the value of $176.50, against the peace and dignity of the State of Arkansas."

The apellants demurred, and for grounds alleged that the indictment was not sufficient to constitute the charge of obtaining money or property from S. D. McGill & Company, and specifically:

1. That the indictment charges deed to have been made to Ed Alexander.

2. That the land was conveyed by deed, which takes it out of the class of crimes for which defendant can be held for false pretense.

3. Because it charges the satisfaction of an account, which is not an indictable offense for false pretense.

The evidence on behalf of the State tended to prove that appellant in April, 1909, in the town of Lewisville, Lafayette County, Arkansas, represented to S. D. McGill that he was the owner of a certain tract or parcel of land in Fordyce, Arkansas, that he had paid for it, and that there was not a cent against it. Relying upon his representations that he did not owe anything on the land, the firm of S. D. McGill & Company bought same of him, taking the deed in the name of Ed Alexander. The firm was composed of S. D. McGill and Ed Alexander. The firm gave appellant the account he owed it, and in addition a check for the sum of $123.50 as a consideration for the land. Appellant received the money on the check. It was afterwards ascertained that appellant did owe something for the land. He had bought the land from J. G. Bleier. The deed to appellant from Bleier recites a consideration of $400, $100 due January 1, 1909; $200 due March 1, 1909, and $100 due April 1, 1909. One of these for $100 was due January 1, and S. D. McGill testified that, if he had known that appellant

owed the notes given to Bleier as a part consideration for the land, he would not have purchased the land. The notes were sent to Lewisville for collection. McGill and Alexander talked to appellant about it after they ascertained that appellant had executed notes for the land. Appellant insisted that his deed to Alexander was all right, but admitted that the notes had not been paid. He said, although he had not paid for the land, he would deed it to witness, and he (witness) could get rid of it to an innocent purchaser.

Another witness heard appellant tell McGill, when he was trying to buy the land from appellant, "that there was not the scratch of the pen against it."

The deed from Bleier to appellant named a consideration of $400 and recited that $100 was due January 1, 1909; $200 due March 1, 1909; $100 due April 1, 1909.

The deed made to Alexander was intended for the firm of S. D. McGill & Company. It was put in Alexander's name for convenience.

Witness Alexander, on behalf of appellant, testified that he did not think he was a partner in the firm of S. D. McGill & Company; said he invested two thousand dollars in the business of this firm for his daughter, and, while he did not get anything out of it, he was responsible for the debts, and, if anything had been lost, he would have lost it. He did not know whether he was a partner or not. He did not consider that he was. The firm was composed of S. D. McGill and Ed Alexander.

The court instructed the jury as follows: "That the obtaining of the satisfaction of a debt by a false pretense would not sustain the charge in the indictment. But if the evidence showed beyond a reasonable doubt that the defendant, for the purpose of cheating and defrauding the said S. D. McGill & Company, a firm composed of S. D. McGill and Ed Alexander, as aforesaid, out of their money—out of this check for $123.50 —falsely represented to them that he owned three acres of land in Fordyce, Arkansas, that the title was clear and unincumbered, that he owed nothing on it, and if by that means he obtained from S. D. McGill & Company a check of the value of $123.50, as alleged in the indictment, and it occurred in this county within three years before the finding of this indictment, then you may

find him guilty. If you entertain a reasonable doubt as to whether he made these pretenses to S. D. McGill & Company, or as to whether or not he obtained the check under these pretenses, or if you entertain a reasonable doubt as to whether or not he owned that land, and these pretenses were false, you will give him the benefit of the doubt and acquit him.

"The court will further tell you that the indictment charged that S. D. McGill & Company was a firm composed of two members—S. D. McGill and Ed Alexander. It devolves on the State to show that that firm consisted of two members; and if you should find from the evidence, or if you should not believe from the evidence that Ed Alexander was a member of that firm at the time, then there is a variance between the allegation of the indictment and the proof, which will entitle the defendant to an acquittal." And further:

"The defendant represented himself as the owner of this land in fee simple; that there were no incumbrances against it; not a scratch of a pen against it, as some of the witnesses testify; if that is true, he is not guilty of anything, or, if the State has failed to show that that is not true, he is not guilty of anything.

"There was another allegation in the indictment charged against the defendant—that he represented to these parties that he did not owe one cent on the land at Fordyce, Arkansas. If you find that the State has shown that is false, from the evidence in this case, and that, by means of that and other false pretense charged, he obtained the check, why, he would still be guilty. The State don't have to prove that he made all of these false pretenses; but if it has shown that he made one of them, and has shown it beyond a reasonable doubt, and got the money by virtue of which, he is guilty, as charged in the indictment."

The appellant requested the following instructions:

"1. To make out a complete case of false pretense, the following essential facts must be established by the evidence, beyond a reasonable doubt: (1) the intent to defraud some particular person or persons; (2) an actual fraud committed; (3) the false pretense; (4) that the fraud resulted from the employment of the false pretense. If you find that the four

essential facts have not been established, you must find for the defendant.

"2.  An indictment for obtaining money under false pretenses must describe the money with the same particularity and certainty as an indictment for larceny; and unless you find from the evidence that it is so described, you must find for the defendant.

"3.  You are further told that you can not convict the defendant on proof that he by false pretenses obtained the satisfaction of his debt to S. D. McGill & Company, which, though sufficient to sustain an action by said S. D. McGill & Company against said defendant for money, is not sufficient to sustain an indictment for false pretense; therefore, in this case, if you so find, your verdict must be for the defendant.

"4.  If the proof shows that in this land transaction the defendant, by false pretense, obtained money, and the satisfaction of his indebtedness greatly exceeded the amount of money in value, you will acquit the defendant."

The court refused the above prayers, and appellant duly saved his exceptions.

*D. L. King,* for appellant.

*Hal L. Norwood,* Attorney General, and *Wm. H. Rector,* Assistant, for appellee.

Wood, J., (after stating the facts).  Appellant was convicted of obtaining property under section 1689 of Kirby's Digest, which makes it a felony to obtain by "any false pretense" "any personal property," etc., of another.  Appellant contends that, inasmuch as the alleged false pretense was concerning land which he conveyed, he could have only been indicted under section 1693 of Kirby's Digest.  That section reads: "Every person who shall be a party to any conveyance or assignment of any real estate, or interest in any real estate," etc., "with intent to defraud any prior or subsequent purchaser, or to hinder, delay or defraud creditors or other persons, shall be deemed guilty of a misdemeanor, and on conviction shall be fined in any sum not less than five hundred dollars."

The above sections prescribe different offenses.  The gravamen of section 1689 is the obtaining of money or property by any false representation of an existing or past fact by one who

knows the representation to be false at the time he makes it. The false representation may be concerning land or anything else, but there must be a false and fraudulent representation. Under section 1693 the offense may be committed by a conveyance of land to defraud whether there be any false and fraudulent representation of a present or past fact made to the person defrauded or not.

Proof necessary to convict of the crime charged under section 1689 would be essentially different from that required to convict under section 1693. See *State* v. *Asher,* 50 Ark. 427.

The allegation as to the satisfaction of an account due S. D. McGill & Company was merely surplusage, and the court eliminated this from the consideration of the jury.

The check which appellant is alleged to have obtained by his false pretense is described with sufficient particularity to identify it as the check of S. D. McGill & Company. It was shown to have a value of $123.50. There was no variance between the allegations and the proof as to the ownership of the money that was paid on the check. It was the money of S. D. McGill & Company. The proof conformed to the allegations. As to whether or not S. D. McGill & Company was a partnership composed of S. D. McGill and Ed Alexander was submitted to the jury. There was evidence to warrant a finding that there was such a partnership.

The appellant contends that the court erred in not instructing the jury that before appellant could be convicted it was necessary for the State to show that there was a lien or incumbrance on the land. This contention can not be sustained. The alleged false pretense was that the land was "not incumbered, that he did not owe one cent on the land, and that there was not the scratch of the pen against said land." The court in its instruction did submit to the jury the question as to whether the appellant made the representations alleged in the indictment, and as to whether these representations, if made, were false, and whether appellant obtained by reason of such representations a check of S. D. McGill & Company of the value of $123.50. The instruction of the court was in strict conformity with the allegations and the proof. The court did not err in its instruction. The evidence was amply sufficient to show that appellant made the representations alleged in the

indictment, and that at the time he made such representations there were notes outstanding which he had given for the purchase price of the land.   The deed recited that the consideration was in deferred payments, and the evidence shows that notes were given for the deferred payments.   It was in evidence that these notes were unpaid, and that S. D. McGill & Company would not have accepted the deed from appellant, had they known that appellant had not paid for the land.   This testimony was sufficient to show the representations, their falsity, that appellant knew them to be false, and that he obtained the check for $123.50, and of that value, by reason of such representations.

We find no error in the rulings of the court.   The judgment is correct.   Affirm.