## STATE *v.* BOND.

### Opinion delivered December 24, 1921.

1. FALSE PRETENSES—CONSTRUCTION OF STATUTE.—Crawford & Moses' Digest, § 2449, defining the offense of obtaining a signature of any person to any written instrument by color of any false token or writing or by and other false pretense, creates a new offense, and its definition must be found in the language of the statute creating it.

2. FALSE PRETENSES—INDICTMENT.—An indictment for false pretense which alleges the fraudulent obtaining from the prosecuting witness of a certain warranty deed to land sufficiently alleges that the signature of such witness was obtained.

3. INDICTMENT AND INFORMATION—STATUTORY OFFENSE.—An indictment which states a statutory offense "with such a degree of certainty as to enable the court to pronounce judgment upon conviction according to the rights of the case," and which states the acts constituting the offense "in ordinary and concise language in such manner as to enable a person of common understanding to know what is intended," as provided by Crawford & Moses' Dig., §§ 3013, 3028, is sufficient, even though the facts alleged to constitute the offense are not couched in the precise language of the statute creating the offense.

4. FALSE PRETENSES—SUFFICIENCY OF INDICTMENT.—An indictment is sufficient which charges that defendant, by means of a certain false pretense, procured from the prosecuting witness a certain deed of designated value.

Appeal from Baxter Circuit Court; *Archie House,* Judge on exchange; reversed.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellant.

The indictment follows the statute. C. & M. Digest, § 2449. The rule governing the description in larceny cases is applicable to this nature of case. 2 Bishop, Crim. Proc. § 173; 33 Ind. 159; 20 Grat. 716; 37 Ark. 443; *Id.* 445; 58 *Id.* 43; C. & M. Dig. § 2483; *Id.* § 2484. Under the last-named statute, a deed to realty is a subject of larceny. It is a chattel or personal property. 8 R. C. L. 923, § 3. See *Shelton* v. *State,* 96 Ark. 237.

*G. W. Rogers,* for appellee.

The statute is not intended to apply to a case of this kind, nor is it broad enough to cover the act of obtaining a deed to realty by means of false representations. The words "obtains a signature to any written instrument" refer to personal property, and do not apply to land or to a deed conveying land. 46 Pac. 284.

McCULLOCH, C. J. The State appeals from the judgment of the circuit court of Baxter County sustaining a demurrer and dismissing the indictment against defendant for the statutory offense of false pretenses and fraud.

The indictment, omitting the caption, reads as follows:

"The said T. J. Bond, in the county and State aforesaid, on the 15th day of January, A. D., 1921, with the intent to defraud and cheat one J. R. Cline, did then and there unlawfully, falsely and fraudulently and feloniously obtain from the said J. R. Cline a certain warranty deed to certain lands in said county and State of the value of eighteen hundred dollars, the property of the said J. R. Cline, by then and there falsely pretending and representing to the said J. R. Cline that he, the said T. J. Bond, was the owner of a certain time deposit for the sum of one thousand dollars in the Farmers' State Bank of Fordland, Missouri, and by delivery to said J. R. Cline certificate and draft to said time deposit and obtaining deed aforesaid; whereas, in truth and in fact, the said T. J. Bond was not then and there the owner of said time deposit as aforesaid, as he well knew, and the pretenses and representations aforesaid were false and known by the said T. J. Bond to be false at the time they were so made, and were made with the unlawful and fraudulent intent to cheat and defraud the said J. R. Cline, and were believed and relied on by the said J. R. Cline and by means of said false and fraudulent representations

the said J. R. Cline was induced to part with the deed to said real estate aforesaid, against the peace and dignity of the State of Arkansas.''

The statute under which the indictment was preferred reads as follows:

''Every person who, with intent to defraud or cheat another, shall designedly, by color of any false token or writing, or by any other false pretense, obtain a signature of any person to any written instrument, or obtain from any person any money, personal property, right of action, or other valuable thing or effects whatever, upon conviction thereof shall be deemed guilty of larceny and punished accordingly.'' Crawford & · Moses' Digest, § 2449.

It will be observed that in the indictment it is not charged in express words that the signature of J. R. Cline, the injured person, was obtained, nor is it in express language charged that the deed itself was of any value, the allegation in that respect being confined to the value of the lands. The decision of the court in sustaining the demurrer is defended by counsel for defendant on the ground that in each of these respects the indictment was defective.

The offense of obtaining personal property by false pretenses and fraud was unknown at common law, and it does not fall within the common-law definition of the offense of cheating, which was generally held to involve a conspiracy; nor is the statute creating the offense an expansion or extension of any common-law offense, but it creates a new offense, and its definition must be found in the language of the statute creating it. 2 Wharton on Crim. Law, § 1393. These statutes are common to nearly all the American States, but they vary in terms. Our statute seems to have been copied almost literally from the New York statute and introduces the words, ''obtain a signature of any person to any written instrument,'' which is not generally found in similar statutes. In construing this

statue, the New York courts have held that the language with reference to obtaining a signature to a written instrument applies to the execution of an instrument, and such is undoubtedly its true meaning. *People* v. *Galloway,* 17 Wend. (N. Y.) 540. While it is true that the indictment in the present case does not in express language allege that the signature of Cline was obtained, it is specifically stated that Cline was the owner of certain lands and that the defendant obtained from Cline, by virtue of the false pretense, a warranty deed to the lands in question. This is tantamount to a specific allegation that the defendant procured from Cline the execution and delivery of a deed of conveyance to the lands mentioned, which were owned by Cline. This is so clear that the meaning cannot well be misunderstood, and our statute provides that an indictment shall be sufficient if it can be understood therefrom "that the act of omission charged as the offense is stated with such a degree of certainty as to enable the court to pronounce judgment upon conviction according to the rights of the case" (Crawford & Moses' Digest, § 3013, sub. 2), and that an indictment is sufficient if it contains a statement of the acts constituting the offense, "in ordinary and concise language in such a manner as to enable a person of common understanding to know what is intended." Crawford & Moses' Digest, § 3028, sub. 2. An indictment which conforms to these two provisions of the statute is sufficient, even though the facts alleged to constitute the offense are not couched in the precise language of the statute creating the offense. *State* v. *Bunch,* 119 Ark. 219.

The statute declares that upon conviction of this offense the accused "shall be deemed guilty of larceny and punished accordingly." It is necessary, therefore, to show the value of the thing obtained in order to fix the degree of the offense. It must be conceded also that this statute is directed at obtaining personal property and not realty, but the value of a deed of convey-

ance is necessarily measured by the value of· the property conveyed by it, for the writing itself has no intrinsic value, and to hold otherwise would be to nullify the provision of the statute about obtaining a signature to a written instrument. So, when we interpret the language of the indictment according to its ordinary acceptation, we have language which charges that the defendant, by means of the false pretense set forth in the indictment, procured from J. R. Cline, the owner of certain lands, the execution and delivery of a warranty deed of the value of $1700, and this constitutes a good indictment under the statute. Nor can it be said that this charge brings the offense within the terms of another statute (Crawford & Moses' Digest, § 2453,) directed against fraudulent conveyances of real estate "to defraud any prior or subsequent purchaser, or to hinder, delay or defraud creditors or other persons," which constitutes a misdemeanor. That statute is wholly different and involves a different state of facts. *Shelton* v. *State*, 96 Ark. 237.

Our conclusion, therefore, is that the court erred in sustaining the demurrer to the indictment, and the judgment is reversed, and the cause is remanded with direction to overrule the demurrer, and for further proceedings.