McLain *v.* State.

Opinion delivered May 5, 1930.

732

*Cochran & Arnett,* for appellant.

*Hal L. Norwood,* Attorney General, and *Pat Mehaffy,* Assistant, for appellee.

KIRBY, J., (after stating the facts). Appellant insists that the court should have directed a verdict in his favor on the charge of obtaining "a thing of value"— medical services—under false pretenses, and we have concluded that the contention must be sustained. There is no testimony showing any representations whatever made, false or otherwise, to either of the physicians by appellant upon his pledging with their bookkeeper the alleged forged note as collateral to secure the payment of his notes to the firm and the individual member thereon given for closing his account due them for more than the sum of the collateral note; nor any testimony whatever indicating an intention upon the part of appellant to procure the professional services of either of the physicians because of the pledging of the collateral note. It is no violation of the statute against obtaining personal property by false pretenses (§ 2449, C. & M. Digest) to obtain credit or settlement of an existing account or indebtedness by such pretenses. *Jamison* v. *State,* 37 Ark. 445; *Shelton* v. *State,* 96 Ark. 237, 131 S. W. 871.

Even if it be conceded that obtaining the services of a physician by false pretenses would come within the provisions of the said statute within the meaning of the

term "or other valuable thing," and we are cited to only one authority, a case from the Supreme Court of Mississippi construing a like statute to that effect, there is no evidence showing that it was the intention of appellant to procure any such services in the future upon the pledging of the collateral note, which was for a less amount in fact than the amount of the notes it was given as collateral to secure. There was testimony showing that appellant had come to one of the physicians and procured the collateral note for collection, stating to him at the time that the makers were ready to pay it, and that he neither collected the note nor returned it, and one of the instructions of the eight first given and withdrawn was on that point allowing the jury to convict appellant if it found such to be the case, as though he had procured the note "a thing of value" by the false representation that the makers were ready to pay it. There should, of course, have been no such instruction given, and, conceding that it was sufficiently withdrawn by the statement to the jury that such instructions were not to be considered, it may nevertheless have influenced the jury's verdict. In any event there is no sufficient testimony in this case to support the verdict of the jury, and the judgment must be reversed, and the cause remanded for a new trial. It is so ordered.